**Imad SAADEH, Plaintiff–Appellant,**

v.

**John HEMINGWAY, Warden, et al., Defendants–Appellees.**

**No. 01–2306.**

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before DAUGHTREY and CLAY, Circuit Judges; WILLIAMS, District Judge.*

*ORDER*

Imad Saadeh, a federal prisoner, appeals pro se the judgment for defendants in a civil rights action he filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Saadeh filed this action seeking monetary and injunctive relief against the warden, the prison physician, a physician's assistant and a counselor employed by the Federal Detention Center in Milan, Michigan, where he is incarcerated. Saadeh alleged that he was not being properly treated for back pain. He had been incarcerated at this location for nearly two years at the time of filing his complaint, during which time he had consistently complained of back pain, and had been treated with anti-inflammatory drugs and been issued a brace. The record also showed that X-rays had been taken of his back, with normal results, a bone scan had shown probable arthritis, and an MRI and cat scan had shown normal results. Saadeh particularly complained because an MRI had been delayed for over a year after it was initially recommended by an outside specialist. Saadeh also complained that his grievances regarding his treatment were not answered expeditiously, with the defendant counselor having failed to submit a grievance for a month after its filing, while he was on leave. Saadeh admitted that he had not appealed any of his grievances to the General Counsel, the final step in the grievance procedure. Saadeh also filed a separate motion for a preliminary injunction to order that he receive further treatment at a local hospital.

Defendants filed a motion to dismiss or for summary judgment, which the magistrate judge recommended be granted, both because Saadeh had failed to exhaust his administrative remedies and because he failed to state a claim of an Eighth Amendment violation. The district court adopted this recommendation, over Saadeh's objec-

tions, and dismissed the complaint. This appeal followed.

Although the parties devote a substantial amount of their argument on appeal to whether this complaint was properly dismissed for failure to exhaust administrative remedies, we conclude that the district court properly dismissed the complaint with prejudice for failure to state a claim, and therefore the question of exhaustion is irrelevant. 42 U.S.C. § 1997e(c)(2); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n. 2 (6th Cir.2001).

The complaint in this case failed to state a claim of an Eighth Amendment violation. In *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that a complaint that a prisoner's chronic back pain was treated with pain relievers rather than ordering additional diagnostic tests was a classic example of medical judgment which could not be challenged under the Eighth Amendment. As Saadeh is making the same claim in this case that was rejected by the Supreme Court in 1976, we conclude that his complaint was properly dismissed for failure to state a claim. Furthermore, Saadeh's separate motion for injunctive relief was properly dismissed as moot when the complaint was dismissed, as Saadeh had no possibility of success on the merits.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.